**Juljana METILIAJ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–6323–ag.

United States Court of Appeals, Second Circuit.

July 28, 2006.

Charles Christophe, Christophe & Associates, P.C., New York, New York, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Heather R. Phillips, Assistant United States Attorneys, Washington D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Juljana Metiliaj (A 95 363 641), a citizen of Albania, appeals from the Board of Immigration Appeals' ("BIA") order affirming Immigration Judge ("IJ") Sarah M. Burr's order denying her application for asylum, withholding of removal and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

Metiliaj argues that she is eligible for asylum because she suffered past persecution on account of her activities in support of the Democratic Party and because of her marriage to her ex-husband, Admir Metiliaj. A petitioner must raise issues to the agency in order to preserve them for judicial review. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006); 8 U.S.C. § 1252(d)(1). In her appeal to the BIA, Metiliaj failed to challenge the IJ's denial of her claim for past persecution. Therefore, this Court may not review that claim.

Metiliaj also argues that because she and her ex-husband were beaten and threatened with harm for being active members of the Democratic Party, a reasonable person in her circumstances would fear persecution upon return to Albania. In the absence of support in the record for her assertions, however, her fear is speculative. *See, e.g., Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Metiliaj was never singled out for persecution because of her relationship with Admir, and she did not offer any additional evidence to show a well-founded fear of future persecution.

In her appeal to the BIA, Metiliaj failed to challenge the IJ's denial of her withholding and CAT claims; therefore, these claims are not before us. *See Ivanishvili,* 433 F.3d at 343; 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.